GOVERNMENT DATA: PROPERTY APPRAISALS: Data Practices classification of property appraisals done for purposes of acquisition discussed. Minn. Stat. §§ 13.44, 117.036 (Supp. 2003).

852
(Cr. Ref. 817, 851)

April 13, 2004

Carol Molnau
Lt. Governor/Commissioner
Minnesota Department of Transportation
395 John Ireland Boulevard
St. Paul, MN 55155-1899

Dear Commissioner Molnau:

Thank you for your letter dated March 9, 2004.

### FACTS AND BACKGROUND

You state that a newspaper reporter recently requested from the Minnesota Department of Transportation (MnDOT) copies of all appraisals held by MnDOT pertaining to certain parcels of property that were in the process of being acquired by MnDOT through eminent domain procedures. The reporter was not an owner of any of the land in question and did not appear to be acting on behalf of any landowner. MnDOT staff provided the reporter access to appraisals that had been presented in a commissioner's hearing held pursuant to Minn. Stat. § 117.085, but did not provide access to appraisals which had not been used in the proceedings or otherwise shared with the property owners. The reporter then sought the opinion of the Commissioner of Administration pursuant to Minn. Stat. § 13.072 (Supp. 2003) as to the appropriate classification of the appraisal data withheld by MnDOT. On February 5, 2004, the Commissioner rendered an opinion to the effect that all MnDOT appraisals pertaining to a parcel of property become public as soon as any appraisal data is provided to the property owner or presented to the court or commissioners in an eminent domain proceeding. Dept. of Admin, Adv. Op. 04-005. Based upon these facts you ask, "If a condemning authority possesses multiple appraisals of a piece of property that is in the process of being condemned and if the condemning authority shares one or more of the appraisals with the landowner, what is the status of the remaining appraisals during the pendency of the condemnation process?"

LAW AND ANALYSIS

**1.      Generally**

Minn. Stat. § 13.44, subd. 3(a) (2002) provides:

Subd. 3.  **Real property; appraisal data.  (a) Confidential or protected nonpublic data**.  *Estimated or appraised values* of individual parcels of real property which are made by personnel of the state, its agencies and departments, or a political subdivision or by independent appraisers acting for the state, its agencies and departments, or a political subdivision *for the purpose of selling or acquiring land through purchase or condemnation* are *classified as confidential data on individuals or protected nonpublic data*.[1]

(Emphasis added.)

Minn. Stat. § 13.44, subd. 3(b) (Supp. 2003), however, provides certain exceptions to the protections offered by paragraph (a):

(b)      **Public data**.  The data made confidential or protected nonpublic by the provisions of paragraph (a) shall become public upon the occurrence of any of the following:
(1)      the negotiating parties exchange appraisals
(2)      the data are submitted to a court appointed condemnation commissioner;
(3)      the data are presented in court in condemnation proceedings;
(4)      the negotiating parties enter into an agreement for the purchase and sale of the property; or
(5)      the data are submitted to the owner under section 117.036.

---

[1] This opinion focuses solely on the provisions of Minn. Stat. § 13.44, subd. 3.  It does not attempt to analyze what Rules of Civil Procedure, if any, may impact the status of the appraisals during a condemnation proceeding.

First, as noted by Commissioner Brian Lamb, the language in Section 13.44, subd. 3 can easily be interpreted in more than one way.  First, it can be read in the manner read by the Commissioner where all appraisals become public when any of the triggering events in Section 13.44, subd. 3(b) takes place with respect to any one appraisal.  Alternatively, it can be interpreted to mean that only the appraisal that triggers one of the exceptions of Section 13.44, subd. 3(b) becomes public when the triggering event occurs.

**2.      Legislative History**

We have attempted to locate the legislative history of Section 13.44, subd. 3 to shed some light on the legislature's intent in enacting the law.  Unfortunately, we were unable to locate any information relative to the enactment of the law.  We were able to locate some legislative history, however, with respect to the amendment enacted in 2003 which added clause (5) to Section 13.44, subd. 3(b).

During the Senate Judiciary Committee hearing on April 1, 2003, the amendment adding clause (5) was discussed.  The amendment also proposed enactment of Minn. Stat. § 117.036, which generally requires public authorities to obtain "at least one appraisal" for any property proposed to be acquired through condemnation.  Minn. Stat. § 117.036, subd. 2 (Supp. 2003).  That section further requires the public authority to provide the property owner with a copy of "the appraisal."  The author of the Senate bill, Senator Don Betzold stated that, under the then-current law, the Minnesota Department of Transportation was unable to provide property owners with copies of appraisals because they were considered confidential data.  The purpose of the bill was to enable public authorities to share appraisal data with property owners so they could understand the basis of the offer and to hopefully reach an agreement with the acquiring authority without having to resort to litigation.  A bill amending Section 13.44, subd. 3(b)(5) and adopting section 117.036 was ultimately enacted by the legislature.

**3.      Minn. Stat. § 13.44, subd. 3(b)(2), (3), and (5)**

As noted above, clause (5), as well as clauses (2) and (3), refers to the disclosure of "data" when "the data" are "submitted" or "presented" to specified persons or in specified proceedings.  Because the exceptions in these clauses are  for data submitted or presented only in certain, specific ways, it appears most reasonable to interpret these clauses to permit public disclosure of only the data that are so "submitted" or "presented".  As a result, any data which is not submitted to a court appointed condemnation commissioner, not presented in court, and not submitted to the landowner pursuant to section 117.036 would not become public data.[2]

---

[2] Clause (5) refers only to "the data" … submitted to the owners under section 117.036.  That section states, in pertinent part:
(Footnote Continued on Next Page)

**4.     Minn. Stat. § 13.44, subd. 3(b)(1) and (4)**

Clause (1) states that confidential appraisal data becomes public when "negotiating parties exchange appraisals." Clause (4) provides that such data becomes public when "the negotiating parties enter into an agreement for the purchase or sale of the property." These clauses do not contain the limiting reference to "the data" contained in clauses (2), (3) and (5). Thus, it appears that all government appraisals become public if one is shared with the owner in an exchange of appraisals or if the parties enter into an agreement for the purchase and sale of the property.

CONCLUSION

We agree with the Commissioner of Administration that all appraisal data deemed confidential or protected nonpublic under the provisions of section 13.44, subd. 3(a) becomes public if one of the exceptions set forth in section 13.44, subd. 3(b)(1) or (4) applies to any one appraisal.

---

(Footnote Continued from Previous Page)

> Before commencing an eminent domain proceeding under this chapter, the acquiring authority must obtain at least one appraisal for the property proposed to be acquired. In making the appraisal, the appraiser must confer with one or more of the owners of the property, if reasonably possible. At least 20 days before presenting a petition under section 117.055, the acquiring authority must provide the owner with a copy of the appraisal and inform the owner of the owner's right to obtain an appraisal under this section.

Minn. Stat. § 117.036, subd. 2(a) (Supp. 2003). As noted, the acquiring authority must obtain "at least one appraisal" and provide a copy of "the appraisal" to the owner. In a case where an acquiring authority obtains more than one appraisal, the statute does not state that only one appraisal must be provided to the landowner. Indeed, the statute is premised on the notion that sharing information before having to litigate a case will hopefully result in a negotiated purchase rather than a condemnation proceeding. Consequently, if more than one appraisal has been obtained by the acquiring authority before providing an appraisal to the owner as required by this section, the apparent legislative intent indicates that all of those appraisals should be provided to the landowner pursuant to section 117.036, subd. 2.

It is our further opinion, however, that a property appraisal classified as confidential or protected nonpublic by Minn. Stat. § 13.44, subd. 3(a) does not become public under section 13.44, subd. 3(b)(2), (3), or (5) unless that particular appraisal is submitted to a condemnation commissioner; is presented in court in a condemnation proceeding; or is submitted to a landowner pursuant to Minn. Stat. § 117.036.

Very truly yours,

MIKE HATCH
Attorney General
State of Minnesota


KENNETH E. RASCHKE, JR
Assistant Attorney General

(651) 297-1141 (Voice)
(651) 297-1235 (Fax)


AG: #1199533-v1